Charles M. FALLON, Jr.,
Petitioner–Appellant,

v.

SALOMON SMITH BARNEY INC.,
f/k/a Smith Barney Inc., and Citigroup
Inc., f/k/a Travelers Group Inc., Re-
spondents–Appellees.

No. 02–7500.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2003.

Neil A. Sussman, Sussman & Frankel,
LLP, New York, NY, for Petitioner–Ap-
pellant.

Brad S. Karp (Daniel J. Toal, Andrew
Tauber, on the brief), Paul, Weiss, Rifkind,
Wharton & Garrison, New York, NY, for
Respondents–Appellees.

PRESENT: OAKES, CALABRESI,
and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is
hereby ORDERED, ADJUDGED, AND
DECREED that the judgment of the dis-
trict court be and it hereby is AF-
FIRMED.

Appellant Charles M. Fallon, Jr. appeals
the district court's (Casey *J.*) confirmation
of a New York Stock Exchange arbitral
panel's ruling, which denied Fallon's chal-
lenge to the forfeiture condition on certain
deferred-compensation "bonus" awards
paid by his former employer, Salomon
Smith Barney. The district court found
the awards not to be "wages" within the
meaning of New York labor law (which
prohibits the forfeiture of earned wages),
and accordingly refused to vacate the arbi-
trators' decision. We need not reach the
question of whether the awards are wages,
however, because where, as here, an arbi-
tral panel declines to explain its ruling, the
courts must confirm the arbitration award
"[i]f there is even a barely colorable justifi-
cation for the outcome reached." *Willem-
ijn Houdstermaatschappij, BV v. Stan-
dard Microsystems Corp.*, 103 F.3d 9, 13
(2d Cir.1997) (internal quotation marks
omitted). Having carefully studied the
record and the parties' briefs, we conclude
that, in light of *Truelove v. Northeast Cap-
ital & Advisory, Inc.*, 95 N.Y.2d 220, 715
N.Y.S.2d 366, 738 N.E.2d 770 (2000), there
is a colorable argument for excluding Fal-
lon's deferred compensation from the cate-
gory of "wages" under New York labor
law.

We have considered the appellant's re-
maining arguments and find them without
merit. Accordingly, the judgment of the
district court is AFFIRMED.